```
                                        UNITED STATES DISTRICT COURT
     IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS
     FOR THE SOUTHERN DISTRICT OF TEXAS          ENTERED
                HOUSTON DIVISION
                                             MAY 2 0 1996

                                             Michael N. Milby, Clerk
```

SECURITIES AND EXCHANGE COMMISSION,

               PLAINTIFF,     CIVIL ACTION NO.
                                    H-95-4664

v.

BENJAMIN REX MOSES,

               DEFENDANT.

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST BENJAMIN REX MOSES

Plaintiff, Securities and Exchange Commission ("Commission"), having filed its Complaint in this matter, and defendant Benjamin Rex Moses ("Moses") in his Stipulation and Consent ("Consent"), having admitted service of the Complaint; having admitted the jurisdiction of this Court over him and over the subject matter of this action; having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure; having entered into his Consent voluntarily, and no threats, promises of immunity, or assurances have been made by the Commission, or any of its members, officers, agents or representatives to induce him to enter into his Consent; and having consented, without admitting or denying any of the allegations in the Commission's Complaint, except ~~as to~~ jurisdiction ~~as set forth above~~, solely for the purpose of this proceeding and ~~any~~ other proceeding brought by or on behalf of the Commission and without any adjudication or trial, to entry without further notice of this

Final Judgement of Permanent Injunction and Other Equitable Relief ("Final Judgment"), enjoining Moses from engaging in transactions, acts, practices and courses of business which constitute and would constitute violations of Section 10(b) of the Securities Exchange Act of 1934, as amended ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and violations of Section 17(a) of the Securities Act of 1933, as amended ("Securities Act") [15 U.S.C. §77q(a)], and, it further appearing that this Court has jurisdiction over Moses and the subject matter of this action; it appearing that no further notice of hearing for the entry of this Final Judgment need be given; and the Court being fully advised in the premises:

I.

IT IS THEREFORE ORDERED, ~~ADJUDGED, AND DECREED~~ that defendant Moses, and his agents, servants, employees, attorneys-in-fact and all persons in active concert or participation with him, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, ~~be and hereby~~ are permanently restrained and enjoined, directly or indirectly, in connection with the purchase or sale of securities, from making use of any means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange:

(a) to employ any device, scheme or artifice to defraud;

(b) to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the

statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ~~ADJUDGED AND DECREED~~ that defendant Moses, and his agents, servants, employees, attorneys-in-fact and all persons in active concert or participation with him, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined, in the offer or sale of securities, from making use of any means or instruments of transportation or communication in interstate commerce, or of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any purchaser.

III.

IT IS FURTHER ORDERED, ~~ADJUDGED AND DECREED~~ that defendant Moses shall pay disgorgement ~~in the amount~~ of $474,900, representing his gains from the conduct alleged in the Complaint, plus prejudgment interest *on it* ~~thereon in the amount~~ of $204,485.34. Based upon defendant Moses's sworn representations in his Declaration of Financial Condition dated  2/22/ , 1996, and submitted to the Commission, payment of all of the disgorgement amount and prejudgment interest ~~thereon~~ is waived, contingent upon the accuracy and completeness of his Sworn Statement of Financial Condition.

IV.

IT IS FURTHER ORDERED that based upon defendant Moses's sworn representations in his Declaration of Financial Condition dated 2/22/ , 1996, and submitted to the Commission, the Court is not ordering him to pay a civil money penalty *under* ~~pursuant to the provisions of~~ Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The determination not to impose a civil penalty and to waive payment of all of the disgorgement amount and prejudgment interest *on it* ~~thereon~~ is contingent upon the accuracy and completeness of his Sworn Statement of Financial Condition. If at any time *after* ~~following~~ the entry of this Final Judgment the Commission obtains information indicating that defendant Moses's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate or incomplete in any

material respect at the time representations were made, the Commission may, at its sole discretion and without notice to Moses, petition this Court for an order requiring defendant Moses to pay disgorgement, prejudgment, and post-judgment interest, and a civil penalty. In connection with a petition, the only issues shall be whether the financial information provided by Moses was fraudulent, misleading, inaccurate, or incomplete in a material respect at the time they were made, and the amount of civil penalty to be imposed. In its petition, the Commission may move this Court to consider all available remedies, including, ordering Moses to pay funds or assets, directing the forfeiture of assets, or sanctions for contempt of this Final Judgment, and the Commission may also request additional discovery. Defendant Moses may not, by way of defense, challenge the validity of his Consent or the Final Judgment, contest the allegations in the Complaint filed by the Commission or the amount of disgorgement and interest, or assert that disgorgement or payment of a civil penalty should not be ordered.

V.

IT IS FURTHER ORDERED that the Consent of defendant Moses filed herein be, and same is hereby, incorporated in this Final Judgment with the same force and effect as if fully set forth herein.

VI.

IT IS FURTHER ORDERED that this Final Judgment of Permanent Injunction and Other Equitable Relief may be served upon defendant Moses in person or by mail either by the United States Marshal, ~~the Clerk of the Court,~~ or any member of the staff of the Securities and Exchange Commission.

~~DATED~~ and SIGNED ~~this ___ day of~~ MAY 17, 1996.

_____
UNITED STATES DISTRICT JUDGE

AGREED ~~AS~~ TO FORM AND SUBSTANCE:

_____
BENJAMIN REX MOSES